UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 11-10217-RGS

UNITED STATES OF AMERICA

v.

LARRY WILKINS

MEMORANDUM AND ORDER ON APPLICATION FOR CERTIFICATE OF APPEALABILITY

June 6, 2013

STEARNS, D.J.

Petitioner Larry Wilkins moves for a Certificate of Appealability pursuant to 28 U.S.C. § 2253, authorizing an appeal of this court's Memorandum and Order denying his Section 2255 petition to vacate his guilty plea.[1]  *United States v. Wilkins*, 2013 WL 1899614 (D. Mass. May 8, 2013). In his petition, Wilkins asserted that his plea was procured in violation of his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel. Both claims rest on the government's failure to uncover and turn over evidence that Annie Dookhan – the state

---

[1] The court also denied the same motion by Wilkins's co-defendant Ronald Merritt. However, because Merritt reserved his right to withdraw his guilty plea under Fed. R. Crim. P. 11 at the time of sentencing, his motion was made pursuant to Rule 11, not Section 2255. Thus, his appeal does not require a certificate of appealability from the district court.

chemist who had certified that the substance found on Wilkins was crack cocaine – had tampered with drug samples and fabricated tests results in other cases.[2]

## STANDARD

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made if petitioner can demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [Certificate of Appealability] has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

## DISCUSSION

A defendant seeking to withdraw a guilty plea by way of a Section 2255 petition after sentencing must "show that the plea proceedings were marred by a fundamental

---

[2] At the time of the plea, the government's knowledge of Dookhan's misconduct was limited to a letter from the state Director of Laboratory Services forwarded to the U.S. Attorney's Office by a local District Attorney. The letter reported that Dookhan had been disciplined for taking drug samples from her laboratory's evidence room without proper authorization although the samples themselves did not (then) appear to be compromised.

defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Carrington*, 96 F.3d 1, 5 (1st Cir. 1996) (internal quotations and citation omitted). Wilkins's colorable showing of a fundamental constitutional defect spoiling his conviction is premised on the Supreme Court's holding in *Brady v. United States*, 397 U.S. 742 (1970), that a guilty plea must be voluntary to satisfy the Fifth Amendment's Due Process Clause. This Circuit has formulated a two-pronged test of whether a guilty plea is involuntary. To satisfy the test, a defendant must show that: (1) "some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea" and (2) "the misconduct influenced his decision to plead guilty, or, put another way, that it was material to that choice." *Ferrara v. United States*, 456 F.3d 278, 290 (1st Cir. 2006). In *Ferrara*, the Court found egregious conduct on the government's part where the prosecution suppressed a key murder witness's recantation and coerced him into reverting to his original testimony falsely implicating the defendant in a murder. The suppressed evidence in *Ferrara*, the Court held "was suggestive of petitioner's *factual* innocence." *Id.* at 292 (emphasis added). Although in Wilkins's case, the conduct of the government cannot fairly be compared with the blatant wrongdoing in *Ferrara*, and while there is no claim by Wilkins of actual innocence, a reasonable jurist might well

disagree with this court and find that prophylactic considerations merit a granting of Wilkins's petition to withdraw his guilty plea.

## ORDER

For the foregoing reasons, Wilkins's motion for a Certificate of Appealability on the issue of involuntariness is <u>GRANTED</u> .[3]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[3] Wilkins's second and separate Fifth Amendment claim that the government violated his due process rights by failing to comply with its obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), to turn over impeachment evidence is foreclosed by the Supreme Court's decision in *United States v. Ruiz. See id.*, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."). Because Wilkins did not have a constitutional right to impeachment information during pre-trial plea bargaining, his counsel was not ineffective for advising him to plead without knowledge of that information. Therefore, a certificate of appealability on these issues will not be granted.